UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EARL MARVIN DIXON,<br><br>Defendant. | Case No. 1:16-CR-00036-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

On June 21, 2016, Defendant Earl Marvin Dixon appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 22). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government did not object to continued release, but deferred to the Court's determination as to whether exceptional reasons were shown in this case and also noted that it was unaware of any violation of conditions ordered for pretrial supervision by Defendant during the pendency of this matter.

This case is unique when compared to others where the defendant is found or pleads guilty to a drug related conspiracy charge. As explained by Defendant's counsel and as outlined in the plea agreement, Defendant may be eligible for the Limitation on Applicability of Statutory Sentences ("Safety Valve") if he meets all criteria in USSG. § 5C1.2(a)(1)-(5). The Government and Defendant stipulated that Defendant meets the criteria in Section 5C1.2(a)(2)-(5), leaving open for review of the presentence report whether Defendant's criminal history category is I as it presently appears it may be. If he meets all criteria for Safety Valve, Defendant would be eligible for a sentence of probation or a short term of incarceration.

In addition, Defendant has been compliant with the Conditions of Release set by

REPORT AND RECOMMENDATION - 2

Judge Bush on February 18, 2016. *See* (Dkt. 14). On May 23, 2016, the Court modified the Conditions of Release to remove the provision prohibiting Defendant from being present in any establishment where alcohol is the primary item of sale, to enable Defendant to accompany his wife, when she goes to a local bar to shoot pool.[1] (Dkt. 21.) Defendant continues to be in compliance with the release condition which prohibits the Defendant from consuming alcoholic beverages.

Upon consideration of the showing above, the undersigned finds the collective circumstances constitute exceptional reasons why detention pending imposition of sentencing would not be appropriate. Further, the undersigned finds Defendant is unlikely to flee or cause a danger to the community if release is continued and Defendant complies with release conditions previously ordered. Accordingly, the undersigned will recommend release be continued.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Earl Dixon's plea of guilty to Count One of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant Earl Dixon's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 22);

---

[1] The Government and Defendant's supervising probation officer did not oppose the Motion to Modify Conditions of Release (Dkt. 20).

REPORT AND RECOMMENDATION - 3

3)   The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Two of the Indictment (Dkt. 1) as to Defendant; and

4)   The District Court continue Defendant's release subject to (Dkts. 14, 21).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 22, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4