UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EARL MARVIN DIXON,<br><br>Defendant. | Case No. 1:16-cr-00036-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendant Earl Marvin Dixon's ("Dixon") Motion for Early Termination of Probation. Dkt. 60. The Government filed a response opposing Defendant's motion. Dkt. 61. For the reasons set forth below, the Court will deny Dixon's Motion for Early Termination of Probation. Dkt. 60.

## BACKGROUND

On September 14, 2016, Dixon was sentenced to 36 months of supervised probation after pleading guilty to one count of Conspiracy to Distribute Oxycodone. Dkt. 57. After serving a little over two years of probation, Dixon filed the instant motion for early termination on November 5, 2018. Dixon argues that he is entitled to early termination because: (1) he has fully complied with the terms of his probation, (2) he has been placed in an administrative caseload reserved for low level offenders, and (3) his

continued probation is a waste of government resources. Dkt. 60. The Government opposes Dixon's request because: (1) the Court during sentencing previously determined that three years of probation was a just and necessary sentence and (2) compliance with the terms of probation is not sufficient, in and of itself, to merit early termination of probation. Dkt. 61.

## LEGAL STANDARDS

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors include, among other things, the nature and circumstances of the offense, the need for deterrence, the need to protect the public, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). After considering those § 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). Simply complying with the terms and conditions of probation is "not sufficient to justify early termination." *United States v. Evertson*, No. 4:06–cr–206–BLW, 2011 WL 841056, *3 (D. Idaho Mar. 7, 2011); *see also United States v. Bodybuilding.com, LLC*, No. 1:12–cr–00115–BLW, 2015 WL 3616962, *2 (D. Idaho Jun. 9, 2015). Defendants seeking early release must go "above and beyond." *Evertson*, 2011 WL 841056 at *1.

The Judicial Conference on Criminal Law counsels the United States Probation Office ("USPO") that there is a presumption in favor of recommending early termination of probation where the person has been under supervision for at least 18 months, is not a career drug or violent offender, presents no identifiable risk to the public, and has not committed any moderate to high severity violations of their probation conditions. *See Guide to Judiciary Policy, Vol. 8*, Part E, § 380.10(b)(1), (b)(2), (b)(3).

## ANALYSIS

Because (1) the USPO, despite the presumption discussed above, has chosen to remain neutral with respect to Dixon's motion (Dkt. 60) and (2) the Government opposes Dixon's motion (Dkt. 61), the Court has turned to and reviewed all the § 3553(a) factors. In particular, the Court notes the following factors:

1. *Nature and Circumstances of the Offense*

First, regarding the nature and circumstances of the charged offense, Dixon was charged with possession with intent to distribute Oxycodone, which is an opioid. Dixon started selling small amounts of Oxycodone to his friends. As Dixon continued to sell his prescription pills, the amount he sold increased. By January of 2015, Dixon admitted that he was selling 50 of his prescribed Oxycodone pills per month. Dixon sold Oxycodone pills to a multitude of people, and at times sold 40-50 pills a month to Alisa Bradshaw and her husband. The Court finds that the nature and characteristic of the offense merits continued probation.

2. *History and Characteristics of Defendant*

Although Dixon has avoided violating the terms of his probation, his motion fails to identify any effort to go "above and beyond" the terms of his probation in service of his community. *Evertson*, 2011 WL 841056 at *1. As such, Dixon's actions during his probation to date do not weigh in favor of early termination.

3. *Deterrence and Protection of the Public*

This country is currently facing a widespread epidemic of opioid abuse. For many addicts, prescription pain killers are the gateway drug that leads to further abuse. Although Dixon is only responsible for a tiny part of this epidemic, nevertheless it is true that he put some of Idaho's citizens in grave danger by distributing a gateway drug. At the time of sentencing, this Court determined that a sentence of three years of supervised release was necessary to protect the public. Despite Dixon's motion, the Court continues to hold that opinion today.

4. *Sentence and Sentencing Range*

Finally, under the Sentencing Guidelines, Dixon's offense level was 10 and carried a Guideline range of 6-12 months incarceration. Despite this range, Dixon was sentenced to 3 years of supervised probation. Granting Dixon early release from his probation gives him a better deal than the already generous deal he received. The Court finds that the fact that Dixon avoided the imprisonment contemplated by the Sentencing Guidelines is yet another reason in support of making him serve the full period of probation.

**ORDER**

Pursuant to the foregoing, it is hereby ORDERED:

i. Dixon's Motion for Early Termination of Probation (Dkt. 60) is DENIED.

DATED: January 8, 2019

B. Lynn Winmill
U.S. District Court Judge